UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAUNDRO WILKERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. WILLIAMSON,<br><br>　　　　Defendants. | No. 2:17-cv-2482 AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

For the reasons stated below, plaintiff's motion to proceed in forma pauperis will be granted. Plaintiff will also be given an opportunity to amend the complaint.

I.　IN FORMA PAUPERIS APPLICATION

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). See ECF Nos. 2, 5. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in

1

accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

////

most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III. PLEADING STANDARD

A. Generally

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

B. Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

3

IV. PLAINTIFF'S COMPLAINT

    A. Claim Against Defendant Williamson

Plaintiff filed the instant complaint on November 27, 2017. ECF No. 1. In it, he names S. Williamson, a sergeant at California State Prison-Sacramento, as a defendant. See id. at 1-2. He alleges that defendant Williamson violated his right to be free from cruel and unusual punishment under the Eighth Amendment when, in June 2017, he attempted to situate plaintiff on his housing unit's wheelchair lift while plaintiff's braced leg was in an extended position. See id. at 3. When that effort was unsuccessful, in the process of trying to fit plaintiff onto the lift a second time, Williamson banged plaintiff's leg against its rear wall at least three times, causing excruciating pain.[1] Thereafter, Williamson attempted to get plaintiff onto the wheelchair lift by first asking him to straddle a shower seat, then an office chair, then a gurney. See id. at 4.

Plaintiff alleges that as a result of Williamson's efforts, he felt he was in immediate danger. See ECF No. 1 at 4-5. He began to have severe chest pains and was escorted back to the prison's medical complex. See id. at 5. He further avers that Williamson's treatment of him caused immediate physical and psychological pain that traumatized plaintiff and that continues to affect him because he is still in pain. See id. at 3.

To remedy these violations, plaintiff asks that: (1) poor performance reports be placed in defendant Williamson's permanent file; (2) defendant Williamson not receive any future promotions unless approved by an impartial, external entity; (3) defendant Williamson be held liable for any permanent damage that was done to his left knee; (4) he be seen by an orthopedist in order to determine whether permanent damage has been done to his left knee, and (5) defendant Williamson have to pay compensatory and punitive damages. See ECF No. 1 at 6.

    B. Claims Against Custodial and Medical Staff

The complaint asserts that the custodial and medical staff at California State Prison-Sacramento have placed their housing needs above plaintiff's medical needs and that this has

---

[1] Plaintiff states that at that time, he was also berated and harassed by medical and custodial staff as they tried to get him to stand on crutches, despite the fact that he had been prescribed a wheelchair. See ECF No. 1 at 3.

4

resulted in "possible permanent damage to his left knee." ECF No. 1 at 5 (brackets added). However, plaintiff, has not listed and identified individual custodial and medical staff as defendants in the pleading, nor has he stated with any specificity what rights of his he believes each staff member has violated or what remedies he seeks from the responsible parties. See generally ECF No. 1.

V. RELEVANT LAW

"The Eighth Amendment proscribes the infliction of cruel and unusual punishment on prisoners. Whether a particular event or condition in fact constitutes 'cruel and unusual punishment' is gauged against 'the evolving standards of decency that mark the progress of a maturing society.'" Schwenk v. Hartford, 204 F.3d 1187, 1196 (9th Cir. 2000) (quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992)). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986) (alteration in original) (internal quotation marks omitted) (quoting Ingraham v. Wright, 430 U.S. 651, 670 (1977)).

"It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." Id. "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." Id. Accordingly, "courts considering a prisoner's claim must ask: 1) if the officials acted with a sufficiently culpable state of mind; and 2) if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." Somers v. Thurman, 109 F.3d 614, 622 (9th Cir. 1997) (citing Hudson, 503 U.S. at 8).

VI. DISCUSSION

A. Claim Against Defendant Williamson

Plaintiff's allegations that defendant Williamson hurt him while trying to get him into the wheelchair lift fail to state an Eight Amendment claim. The facts alleged in the complaint suggest negligence, which does not rise to the level of cruel and unusual punishment even if it is

5

extreme. See Farmer v. Brennan, 511 U.S. 825, 835-36 (1994); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). The facts alleged do not establish that Williamson acted sadistically or maliciously, with intent to cause harm, which is the Eight Amendment standard governing the use of force. See Hudson, 530 U.S. at 6-7. Nor do the facts establish that Williamson acted with deliberate indifference to a known risk to plaintiff's safety. See Farmer, 511 U.S. at 834, 837, 842. To the contrary, it appears that Williamson was trying to help plaintiff by finding a way to get him onto the wheelchair lift even though the fixed position of plaintiff's extended leg made that difficult. See ECF No. 1 at 3-4. Williamson's alleged failure to exercise the proper degree of care may constitute negligence, but does not violate plaintiff's constitutional rights even if it might be actionable under state tort law. See Farmer, 511 U.S. at 837-38. In sum, without malicious or deliberately indifferent intent, the incident does not implicate the Eight Amendment's prohibition of cruel and unusual punishment.

In order to support a claim that Williamson violated plaintiff's Eighth Amendment right to personal security and/or safety, plaintiff must identify the specific situations or actions of Williamson's that put his safety at risk. He must then show that: (1) there was an "excessive" and "substantial risk of serious harm" in those situations, and (2) Williamson was subjectively aware of the risk but deliberately ignored it. Farmer, 511 U.S. at 828-29. If plaintiff wishes to raise such a claim, he may do so in an amended complaint.

B.   Claims Against Custodial and Medical Staff

Plaintiff's conclusory allegation that the custodial and medical staff at California State Prison-Sacramento "refuse to admit fault" and have prioritized housing needs over plaintiff's medical needs, resulting in possible permanent damage to his left knee (see ECF No. 1 at 5), is too vague and ambiguous to state a claim. If plaintiff intends to state a claim of deliberate indifference to his serious medical needs, he must identify his serious medical needs as well as the specific individuals on the prison's staff who failed to properly treat him. Conclusory statements are not enough. See Iqbal, 556 U.S. at 678. Plaintiff must also provide facts indicating that each named defendant knew there was an excessive risk of serious harm to his knee, and failed to take reasonable measures to lessen the risk. See Farmer, 511 U.S. at 837. If,

when amending the complaint, plaintiff provides this basic information, he may be able to state a cognizable deliberate indifference claim against other prison employees.

VII. LEAVE TO AMEND

Plaintiff will be given the opportunity to amend the complaint. If plaintiff chooses to do so, the court will dismiss the instant complaint without prejudice, and the newly filed amended complaint will take its place. See Lacey v. Maricopa Cty., 693 F.3d 896, 925 (9th Cir. 2012) (stating amended complaint supersedes original complaint). Any amended complaint filed should observe the following:

An amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

An amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. See L.R. 220 (E.D. Cal. 2009). This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.[2] See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (2012).

////

////

---

[2] With this point in mind, the court notes that on November 29, 2017, plaintiff filed exhibits to the complaint. See ECF No. 6. If plaintiff wishes these documents to be a part of his amended complaint, he will need to attach them to it. The court will not refer back to them as they are currently filed on the docket.

7

VIII. <u>PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT</u>

Your complaint does not present claims upon which you might be able to receive relief. The facts you have presented about defendant Williamson's actions in relation to the wheelchair lift do not amount to "cruel and unusual punishment." It would count as cruel and unusual punishment if someone physically injured you on purpose, with malicious or sadistic intent and in order to cause you pain, but it does not seem like that's what happened. It would also count as cruel and unusual punishment if someone *knew* that a situation created a serious risk of injury or harm to you, and deliberately ignored the risk. You are being given a chance to amend your complaint, and may present additional facts that show this was the case. Otherwise, defendant Williamson and this claim will be dismissed.

As for the statements you have made about your treatment by custodial and medical staff, these allegations are not specific and detailed enough to state claims of deliberate indifference to your serious medical needs. If you are trying to make this type of claim against these employees, you will need to provide more information about which individuals in particular have been indifferent to your medical needs, in what way they have been indifferent, and how their indifference has harmed you. If, when amending the complaint, this information is not provided, this claim will be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis filed November 27, 2017 (ECF No. 2) is GRANTED;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith;

3. Plaintiff's complaint filed November 27, 2017 (ECF No. 1) is DISMISSED with leave to amend, and

////

////

4. Within thirty days of the date of this order, plaintiff shall file a first amended complaint. Failure to file an amended complaint within the time allotted may result in the dismissal of this action for failure to prosecute.

DATED: June 10, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE